SERAFINO MONTANARI *vs.* INDUSTRIAL TRUST COMPANY.

JUNE 13, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Contracts. Novation.*

Owing to difficulties about payment resulting in the stopping of work by a sub-contractor the contractor gave to the sub-contractor an order upon the owner of the premises for a sum to be due under the contract between the owner and the contractor.

The sub-contractor secured orders from time to time from the architects on the owner for money due the contractor, which were endorsed over by the contractor to the sub-contractor and paid by the owner. It appeared in the testimony for the sub-contractor in his action against the owner that the latter stated when presented with the order, "Go ahead and finish the work; as long as you have that paper I will pay you."

*Held,* that from the facts there was no novation, but simply an expression of willingness to accept the order.

ASSUMPSIT.   Heard on exception of plaintiff and over-ruled.

VINCENT, J.   This is an action of the case in assumpsit brought by the plaintiff against the defendants, the Industrial Trust Company and Marshall B. Mead, as executors of the will of Philip Case.

In 1915, Thomas Fahey, a contractor, entered into a written contract with Mr. Case concerning the erection, alteration and reparation of a certain building upon premises owned by the latter and situated in the city of Providence at number fifteen Carpenter street.

Fahey let out portions of the job to various sub-contractors and from time to time received money on account which was paid by Mr. Case through the architects, William R. Walker & Son, and from the monies thus received payments were made to the sub-contractors.

In September, 1915, the plaintiff, one of the sub-contractors, not having received his pay for certain work which he had done under his contract with Fahey, stopped work. This naturally led to some negotiations between the plaintiff and Fahey, which resulted in the giving of a note by Fahey to the plaintiff for $750, covering the amount then due to him, which note was subsequently paid, and the making of some provisions for future payments, as the work should progress, which were embodied in the following order and agreement:

"September 24, 1915.

PHILIP CASE, ESQ.,
        Providence, R. I.

Please pay to Serafino Montanari the sum of Twenty eight Hundred and Fifty Dollars ($2850.) when same is due me under my contract with you and charge the same to my account.

(Signed)   T. J. FAHEY

"In consideration of the above order, it is hereby agreed by and between Thomas J. Fahey and Serafino Montanari

that the balance due Serafino Montanari under his contract with said Fahey for work done and to be done on Philip Case's house, Providence, after the payment of the above order is Seven Hundred and Fifty Dollars ($750.) for which a negotiable promissory note has been signed by Thomas J. Fahey and Thomas J. Fahey, Jr. In case the amount due said Fahey from said Case should be less than $2850. then the said Fahey agrees to reimburse the said Montanari with whatever difference there may be between the $2850. the amount of the above order, and the amount actually received from said Case.

"In consideration of the above order and also the receipt of the above note for $750. as herein set forth, the said Montanari hereby agrees that he will faithfully perform all the work, labor and material according to the contract heretofore entered into between the said Fahey and Montanari for the reparation, construction and erection of the house of Philip Case on Carpenter Street, Providence, R. I.

(Signed)   T. J. FAHEY"

The plaintiff advised the architects and also Mr. Case of this arrangement and resumed work under his contract with Fahey. As the work progressed the plaintiff from time to time secured from the architects orders on Mr. Case for money due to Fahey which, in each instance, were endorsed over by Fahey to the plaintiff, paid by Mr. Case and receipted for by the plaintiff.

Upon the completion of the whole work called for by the contract between Fahey and the plaintiff the latter requested the architects to give him an order on Mr. Case for $650. that being the final amount due him from Fahey. The order was refused on the ground that the entire amount of the contract price had already been expended.

The plaintiff then instituted proceedings for the establishment of a lien upon the premises, basing his right thereto on his contract with Fahey, but he was unsuccessful.

The plaintiff now claims that there is no subsisting contract between him and Fahey but that by a novation, which

came into operation prior to the lien proceeding, the parties were changed, that Fahey dropped out and that he became substituted in his place,

The case was tried to a jury in the Superior Court. At the conclusion of the testimony the defendants moved for the direction of a verdict.

It appeared from the evidence that at the time when the plaintiff sought the order for $650. there was due and payable to Fahey upon his contract with Case the sum of $15.30 and for that sum the trial court directed the jury to return a verdict for the plaintiff, ruling that there was no novation.

The case is now before us upon the exception of the plaintiff to the direction of a verdict.

The plaintiff after receiving the order and agreement from Fahey had an interview with Mr. Case at the latter's home. He was accompanied by Antonio Capece, later a witness for the plaintiff at the trial. According to the plaintiff's testimony, Mr. Case read the order and agreement and said, "Well, go ahead and finish. I got to pay somebody. I don't care who I pay. I will pay you when you finish; go ahead and start the work again on Monday, the 27th of September, 1915."

According to the testimony of Capece, Mr. Case said, "Go ahead; I pay you all right. I tell you go ahead and finish the work. I don't care; I got to pay somebody, any way. As long as you have that paper I will pay you." It will be noticed that the statements of these two witnesses as to what Mr. Case said are substantially alike with the exception of the words, "As long as you have that paper I will pay you" added by Capece.

It is upon this language of Mr. Case that the plaintiff founds his claim of a novation and we think that in construing it we must have in mind the surrounding circumstances in connection with which it was uttered. Mr. Case had just read the order of Fahey which was addressed to and requested him to pay to the plaintiff money as it became due under the contract between Fahey and Case and to

charge the same to Fahey's account. The statement made by Case followed his reading of the order. The statement, in terms, shows that Case had the order in mind when he made use of the words, "As long as you have that paper I will pay you."

We see nothing in the language employed by Case, as stated by either witness, beyond an expression of his willingness to accept the order and carry out the conditions which such acceptance imposed. Such appears to have been the construction which the plaintiff originally placed upon it himself when he filed his petition for a mechanic's lien setting forth that Thomas J. Fahey was indebted to him in the sum of $650 for work, labor and materials furnished in connection with the building belonging to Philip Case. In addition to this the plaintiff admitted that he had never sent Mr. Case any bill for the $650, although he had rendered him a bill for $65 for other work, which was promptly paid.

We think that the trial court was correct in ruling that there was no novation. As this disposes of the only question which the plaintiff raises, and is decisive of the case, further discussion is not necessary.

The plaintiff's exception is overruled and the case is remitted to the Superior Court to enter judgment for the plaintiff on the verdict as directed.

*Pettine & De Pasquale,* for plaintiff.
*John Henshaw, Benjamin F. Lindemuth,* for defendant.